```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT
```

DOTTY PIERRE
                                              PRISONER
    v.                    Case No. 3:09cv109(AWT)

DONNA ZICKEFOOSE and
HARLEY LAPPIN

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Dotty Pierre, is currently confined at the Federal Prison Camp in Alderson, West Virginia.[1]  On September 24, 2009, Pierre filed an amended petition for writ of habeas corpus seeking transfer to a Residential Reentry Center for an additional six months.  For the reasons that follow, the petition should be denied.

I.  Background

Pierre is serving a sixty-month sentence for bank fraud and identity theft.  She is scheduled to be released from custody, via good conduct release, on June 26, 2011.  Pierre has been approved for transfer to a Residential Reentry Center ("RRC") for

---

[1] The petitioner was confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), when she commenced this action. Although the Inmate Locator function on the Federal Bureau of Prisons website shows that she was transferred to Alderson, see www.bop.gov (last visited Feb. 3, 2010), petitioner has not notified the court of her change of address as required under local court rules.

the last six months of her sentence.

In her original petition, Pierre sought immediate release to an RRC.  In reply to the respondent's opposition to the petition, however, she indicated that she no longer required immediate transfer and sought placement for an additional six months.  The court dismissed the original petition because Pierre no longer sought the requested relief and permitted Pierre to amend her petition clearly stating the relief she requests.  Pierre complied with this order and filed an amended petition on September 24, 2009.

Pierre asks the court to order that she be transferred to an RRC under the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008), for the last year of her sentence, the maximum period allowed.  She alleges that the transfer is necessary to enable her to assist in caring for her parents and to enable her to obtain weight loss surgery.

II. Discussion

Pierre argues that the failure to award her home confinement or RRC placement for twelve months violated her Fifth and Eighth Amendment rights.  The respondents ask the court to dismiss or deny the petition on the grounds that the Bureau of Prisons ("BOP") has sole discretion to determine whether and for how long an inmate is placed in an RRC or on home confinement and that Pierre is not entitled to home confinement at this time.

Pierre argues that the failure to award RRC placement for twelve months, the maximum time allowed, or home confinement violated her Fifth Amendment right to due process of law.  This argument is without merit.

The Due Process Clause does not afford an inmate any right to a particular custody or security classification.  See Moody v. Daggett, 429 U.S. 78, 88 (1976).  The BOP has sole discretion to assign inmates to particular facilities or treatment programs. See Levine v. Apker, 455 F.3d 71, 83 (2d Cir. 2006).

Once an individual has been committed to the custody of the BOP to serve to a term of imprisonment, the BOP has discretion to determine the individual's initial place of confinement and order a transfer from one correctional facility to another.  See 18 U.S.C. § 3621.  In exercising this discretion, the BOP considers five factors:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence ...; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The Second Chance Act does not deprive the BOP of this discretion.  The Second Chance Act does not require the BOP to grant an inmate's request for RRC placement for the full twelve months, but rather, to consider an inmate's request in accordance

with the Act.[2]  The decision to confine an inmate in an RRC or on home confinement is made on an individual basis after consideration of the factors identified in 3621(b).  See Fournier v. Zickefoose, 620 F. Supp. 2d 313, 318 (D. Conn. 2009).  Confinement in an RRC for more than 180 days is "highly unusual and only possible with extraordinary justification."  See Miller v. Whitehead, 527 F.3d 752, 757 (8th Cir. 2008).  See also, e.g., Reid v. Dewalt, 2009 WL 383404, at *6 (E.D. Ky. Feb. 11, 2009) (RCC placement not mandated under Second Chance Act); Safa v. Phillips, 2008 WL 2275409, at *1 (N.D.W. Va. June 2, 2008) (holding that inmates are not entitled to RCC placement; only entitlement is to have placement considered in accordance with the statutory factors).

   The record before the court establishes that the BOP considered the appropriate factors, including Pierre's mother's health in reaching its decision to allow RRC placement for six months.  See Chapa Declaration, Doc. #9-2, ¶¶ 6-7 & Ex. B.  As the BOP acted within its authority and discretion in reaching that decision, the court cannot second guess the decision.  See

---

   [2]As amended by the Second Chance Act, 18 U.S.C. 3624 provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  See 18 U.S.C. 3624(c)(1).  The statute provides that the conditions may include confinement in a residential re-entry center.

Fournier, 620 F. Supp. 2d at 318 (noting that discretionary decisions by the BOP are not subject to judicial review). The court concludes that the BOP did not violate Pierre's due process rights by allowing RRC placement of six months.

Pierre also challenges the medical care provided at FCI Danbury. As Pierre has been transferred to FPC Alderson, any requested relief regarding her medical care is moot. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (holding that requests for injunctive relief concerning conditions of confinement become moot when the inmate is transferred to another correctional facility).

III. Conclusion

The amended petition for writ of habeas corpus [**Doc. #16**] is hereby **DENIED**. The Clerk is directed to enter judgment and close this case. The court concludes that any appeal of this order would not be taken in good faith.

It is so ordered this 16th day of February 2010, at Hartford, Connecticut.

                                          /s/AWT
                                    Alvin W. Thompson
                          United States District Judge